UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: OSF HEALTHCARE SYSTEM EMPLOYEE
RETIREMENT INCOME SECURITY ACT (ERISA)
LITIGATION                                                                                                 MDL No. 2749


ORDER DENYING TRANSFER


**Before the Panel**: OSF Healthcare defendants[1] move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of Illinois.  This litigation consists of two actions pending in the Central and Southern Districts of Illinois, as listed on Schedule A.  Plaintiffs in the Central District of Illinois action (*Bailey*) support the motion. Plaintiffs in the Southern District of Illinois action (*Smith*) initially opposed centralization but, at oral argument, stated that they now support centralization in the Southern District of Illinois.

After considering all argument of counsel, we conclude that Section 1407 centralization of this litigation is not necessary.  The actions here involve common factual issues arising from plaintiffs' allegations that the OSF Healthcare System's defined benefit pension plans fall under the "church plan" exemption of the Employee Income Retirement Security Act (ERISA).  Both actions involve largely overlapping classes of OSF defined benefit pension plan participants, whose plans plaintiffs allege have been underfunded by over $350 million.  In litigation such as this, where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Moving defendants have failed to do so here.

While some discovery could be required of the relationship among OSF entities, The Sisters of the Third Order of St. Francis, and the Roman Catholic Diocese of Peoria, the primary dispute in this litigation appears to be a legal one – whether ERISA's "church plan" exemption applies to large healthcare systems like OSF.  Indeed, two recent appellate decisions involving ERISA hospital church plan litigation arose from decisions on motions to dismiss.[2]  We typically deny centralization of cases in which the primary

---

[1] OSF HealthCare System, Plan Administrator for the OSF Plans, OSF HealthCare System Human Resources Committee, The Sisters of the Third Order of St. Francis Employees Pension Plan Administrative Committee, and the Saint Anthony's Health Center Retirement Committee.

[2] *See Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015), *cert. granted*, December 2, 2016 (No. 16-86); *Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016), *cert. granted*, December 2, 2016 (No. 16-74); *but see Rollins v. Dignity Health*, 830 F.3d 900 (9th Cir. 2016), *cert. granted*, December 2, 2016 (No. 16-258) (affirming award of partial summary judgment
(continued...)

- 2 -

dispute concerns a legal, as opposed to a factual, question. *See, e.g., In re: Nat'l Ass'n for Advancement of Multijurisdiction Practice Litig.*, 52 F. Supp. 3d 1377, 1378 (J.P.M.L. 2014) (*"*Although plaintiffs seek efficiencies through centralized treatment of the disputed legal questions, '[m]erely to avoid [different] federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization.'") (quoting *In re: Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L.2009)). Also weighing against centralization is a pending Section 1404 motion in the Central District of Illinois action that, if granted, would eliminate the litigation's multidistrict character. *See In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("The Panel has often stated that centralization under Section 1407 'should be the last solution after considered review of all other options.'") (quoting *In re: Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L.2011)).

Informal coordination of discovery and pretrial motions is preferable to centralization of these two actions that are pending in adjacent districts and involve a limited number of counsel.[3] At oral argument, plaintiffs expressed a willingness to engage in cooperative efforts to reduce or eliminate the risk of duplicative discovery or conflicting pretrial rulings. We applaud these efforts and note that various mechanisms are available to minimize or eliminate the possibility of duplicative discovery in the absence of an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; and the involved courts may direct the parties to coordinate other pretrial activities. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); MANUAL FOR COMPLEX LITIGATION, Fourth, § 20.14 (2004).

---

[2](...continued)
that found that the plan was not an ERISA church plan because it was not established by a church or a convention or association of churches).

[3] *See, e.g., In re: American Express Co. Anti-Steering Rules Antitrust Litig.*, 657 F. Supp. 2d 1365 (J.P.M.L. 2009) (denying centralization of six actions pending in adjacent districts, noting that the involved courts, which were already informally coordinating their efforts, can continue to do so "in order to avoid as much as practicable inconsistent pretrial rulings.").

- 3 -

IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: OSF HEALTHCARE SYSTEM EMPLOYEE
RETIREMENT INCOME SECURITY ACT (ERISA)
LITIGATION**   MDL No. 2749

## SCHEDULE A

<u>Central District of Illinois</u>

BAILEY, ET AL. v. OSF HEALTHCARE SYSTEM, ET AL., C.A. No. 1:16‑01137

<u>Southern District of Illinois</u>

SMITH v. OSF HEALTHCARE SYSTEM, ET AL., C.A. No. 3:16‑00467